IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS GALLIPEAU, | Civil Action No. 3:09-1382-JFA-JRM |
| Plaintiff, | |
| vs. | |
| ABL MANAGEMENT, INC.; CORRECT CARE SOLUTIONS, INC.; DR. MILES, MD; AND JOHN DOE, KITCHEN SUPERVISOR EMPLOYED BY ABL MANAGEMENT, A/K/A MR. GUINYARD, | **REPORT AND RECOMMENDATION** |
| Defendants | |

Plaintiff filed this action on May 27, 2009.[1] At the time of the alleged actions, he was a pretrial detainee at the Lexington County Detention Center ("LCDC"). He is currently an inmate at the Federal Correctional Institution in Coleman, Florida. Defendants ABL Management, Inc. ("ABL") and John Doe ("Doe"), filed a motion for summary judgment on February 26, 2010. Because Plaintiff is proceeding pro se, he was advised on March 2, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On March 15, 2010, Plaintiff filed a response, and on March 25, 2010, he filed a motion to dismiss. Defendants ABL and Doe filed a reply on April 12, 2010. Defendants Correct Care Solutions, Inc. ("CCS") and Dr. Miles filed a motion for summary judgment on May 26, 2010. A second Roseboro order was issued on May 27, 2010. Plaintiff filed objections on July 1, 2010.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

**DISCUSSION**

Plaintiff claims that his constitutional rights were violated. It appears he has brought these claims pursuant to 42 U.S.C. § 1983 ("§ 1983").[2] Plaintiff alleges that Defendants failed to provide him with an adequate diet while he was at LCDC and that they were deliberately indifferent to his medical needs. He requests compensatory and punitive damages, as well as a preliminary and permanent injunction requiring that Defendants provide him with a 2800 calorie per day diet.[3]

**MOTION TO DISMISS**

On March 25, 2010, Plaintiff filed a pleading he titled "Dismissal Stipulation." He wrote: "[t]he above-entitled matter is hereby dismissed, as moot." The undersigned interprets this as a motion to dismiss pursuant to Rule 41. A Plaintiff may voluntarily dismiss his action without a court order before the opposing party serves either an answer or a motion for summary judgment or where a stipulation of dismissal is signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). Here, Plaintiff filed his motion after Defendants ABL and Doe filed an answer and a motion for summary judgment. All parties who have appeared have not signed a stipulation of dismissal. Thus, Plaintiff's request to dismiss, to the extent that it is pursuant to Rule 41(a)(1) should be denied. Defendants ABL and Doe contend that since Plaintiff has not filed any opposition to their motion for summary judgment, their motion for summary judgment should be granted. Alternatively, they request that Plaintiff's motion to dismiss be granted with the stipulation that the case be dismissed with prejudice.

---

[2]Plaintiff alleges that this court has jurisdiction under the Americans with Disabilities Act. Other than stating that he is or is perceived as disabled, he fails to define what section of the ADA he believes was violated.

[3]To the extent Plaintiff requests injunctive relief, his claims are moot as he has been transferred to another institution. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983).

Defendants CCS and Dr. Miles state that they prefer the court rule on its substantive argument and dismiss this case with prejudice, but if the Court chooses not to do so, it moves to dismiss the case based on Plaintiff's request for a dismissal, but move that it be dismissed with prejudice.

Under Fed. R. Civ. P. 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Fourth Circuit has explained that "[t]he decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Id. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D.W.Va. Sep. 12, 2003). The Fourth Circuit, however, has found on multiple occasions that a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery. See, e.g., Miller v. Terramite Corp., 114 Fed. Appx. 536, 540 (4th Cir. 2004)(affirming district court's decision that plaintiff's motion for voluntary dismissal was "untimely and would waste judicial resources" because the motion was filed well after discovery had closed and a dispositive order was imminent); Francis v. Ingles, 1 Fed. Appx. 152, 154 (4th Cir. 2001)(affirming district court's denial of motion to dismiss without prejudice because the "plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date" and "the motivation

for the motion appeared to be to circumvent" a discovery ruling, which counsel could have avoided "by deposing the witness within the discovery period"); Skinner v. First Am. Bank of Va., 64 F.3d 659, 1995 WL 507264, at *2-3 (4th Cir. 1995) (stating that "[t]he expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal" and noting that granting a motion to dismiss is not required to allow a party to "avoid an adverse ruling in federal court"); Sullivan v. Westinghouse Elec. Corp., 848 F.2d 186, 1988 WL 54059, at *2 (4th Cir.1988) ("Given the advanced stage of the proceedings, the district court's denial of [the plaintiff's] motion was not an abuse of discretion."). Four factors that the court can consider in deciding a motion to voluntarily dismiss an action are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Gross v. Spies, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. Jan.13, 1998)[Table].

To the extent that Plaintiff is requesting that this action be dismissed with prejudice, it is recommended that his motion be granted. To the extent that he is requesting that the action be dismissed without prejudice, it is recommended that his motion be denied. Here, Defendants ABL and CCS would be substantially prejudiced if Plaintiff's motion to dismiss without prejudice is granted. Plaintiff delayed filing his motion to dismiss. He did not file his motion until well after the time period for discovery ended and after a motion for summary judgment was filed. Additionally, he has given insufficient explanation for the need for dismissal.

**MOTIONS FOR SUMMARY JUDGMENT**

Defendants ABL and Doe contend that they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his applicable administrative remedies; and (2) Plaintiff's action is frivolous and fails to state a claim upon which relief can be granted. Defendants CCS and Dr. Miles contend that their motion for summary judgment should be granted because: (1) they were not deliberately indifferent to his medical needs; (2) he fails to state a claim for medical malpractice; (3) he fails to state a cause of action under § 1983; (4) this action should be counted as a strike against him pursuant to 28 U.S.C. §§ 1915 and 1915A; and (5) Plaintiff failed to exhaust his administrative remedies.

### 1. Administrative Remedies

Defendants contend that Plaintiff failed to demonstrate that he exhausted all of his available administrative remedies. Defendants ABL and Doe have provided a copy of LCDC's Policy and Procedure Manual concerning grievances. The Manual provides that an inmate must file a formal written complaint, known as an Inmate Request Form, within seven days after a potentially grievable event. The Manual provides that the proper authority will investigate the grievance and provide, in the "Action Taken" section of the Inmate Request Form, a written response to the inmate within ten working days of the date the complaint was received. If the inmate is not satisfied with the response, he may file a written appeal to the Sheriff of Lexington County. See Motion for Summary Judgment of Defendants ABL and Doe, Ex. 4.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v.

Nussle, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Plaintiff fails to show that he exhausted his available administrative remedies. In his Complaint, Plaintiff does not allege that he completed an Inmate Request Form or submitted it to an officer, as required by the inmate grievance procedure. He has not disputed Defendants assertion that he has not exhausted his administrative remedies.

### 2. **Medical Claims**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. Defendants CCS and Miles contend that Plaintiff, who was provided constant and timely medical care for his complaints, fails to show that they were deliberately indifferent to any of his serious medical needs.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[4] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions

---

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. CCS and Dr. Miles have provided a copy of Plaintiff's medical records which show he was examined for various medical conditions and received medications for such. Dr. Miles states that the care and treatment rendered to Plaintiff was within the appropriate standard of care, he was provided medical treatment in a timely manner, and he received appropriate medication and treatment. Miles Aff.

Plaintiff appears to disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

### 3. Food Claims

Plaintiff alleges that Dr. Yates, a physician who treated him at LCDC, found that Plaintiff was not receiving sufficient calories from the regular detainee diet and ordered that Plaintiff's calorie intake be increased from 2500 to 2800 calories a day. He claims that ABL took it upon themselves to reduce his diet to 2500 calories a day. Plaintiff claims that Dr. Miles, without examining him, placed him back on a regular diet. ABL and Doe contend that Plaintiff fails to show any harm, as

9

LCDC served a menu that had a daily average calorie count in excess of 2,900 calories. Defendants CCS and Dr. Miles contend that Plaintiff fails to show that he was denied a proper caloric diet.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978), cert. denied, Moffit v. Loe, 446 U.S. 928 (1980).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Thus, it must be determined whether the conditions and/or treatment received by plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment).

Plaintiff fails to show any expressed intent on the part of Defendants to punish him. Review of Plaintiff's medical records reveals no indication of any injury or illness due the diet he was served. Babette G. Lanius, a corporate dietitian, provided ABL with a statement of nutritional adequacy on March 1, 2009, stating that the daily average calorie count for the menus served at LCDC exceeded 2900 calories. Motion for Summary Judgment of ABL and Doe, Ex. 2.

### 4.   **State Law Claims**

Defendants CCS and Dr. Miles contend that to the extent that Plaintiff has asserted a state law cause of action for medical malpractice, they are entitled to judgment as a matter of law because Plaintiff has failed to proffer expert testimony that these Defendants deviated from the appropriate standard of care and that such deviation proximately caused his alleged injuries. Plaintiff appears

to allege claims of negligence under state law. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims (if any) would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

## **CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion to dismiss (Doc. 29) be **granted** with prejudice and that Defendants' motions for summary judgment (Docs. 25 and 36) be **denied as moot**. Alternatively, to the extent that Plaintiff is requesting that this action be dismissed without prejudice, it is recommended that Plaintiff's motion to dismiss (Doc. 29) be **denied** and Defendants' motion for summary judgment (Docs. 25 and 36) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

July 12, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).