UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dennis Gallipeau,   #16472-171, | ) | C/A No.  3:09-1382-JFA-JRM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ABL Management, Inc.; Correct Care Solutions, Inc.; Dr. Miles, MD; and John Doe, Kitchen Supervisor Employed by ABL Management, a/k/a Mr. Guinyard, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Dennis Gallipeau, brings this action pursuant to 42 U.S.C. § 1983. He was a pretrial detainee at the Lexington County Detention Center (LCDC) at the time of the alleged actions and is presently incarcerated at the Federal Correctional Institution in Coleman, Florida. In his complaint, the plaintiff alleges various constitutional violations including that the defendants failed to provide him with an adequate diet and were deliberately indifferent to his medical needs.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the defendants' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 12, 2010, however, he has not done so within the time limits prescribed.

As an initial matter, the plaintiff has filed a motion to dismiss his action pursuant to Fed. R. Civ. P. 41(a)(1). Because the defendants have already answered or filed a dispositive motion, and because the appearing parties have not all consented to dismissal, the plaintiff's motion cannot be granted summarily without prejudice. The defendants ABL and Doe contend that since plaintiff has not responded to their motion for summary judgment motion, that their motion should be granted. Alternatively, they request that the plaintiff's motion to dismiss be granted *with prejudice*. Defendants CCS and Dr. Miles set forth the same request.

As the Magistrate Judge notes, under Fed. R. Civ. P. 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). While a district court has the discretion to grant a voluntary dismissal under Rule 41(a)(2), it must consider whether the parties will be unfairly prejudiced. *Id*.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Plaintiff responded to the motion.

The court can consider the following four factors in deciding whether to grant a motion to voluntarily dismiss an action: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006 at *5 (4th Cir. Jan. 13, 1998)[Table].

The Magistrate Judge suggests that in this action, the defendants would be substantially prejudiced if plaintiff's motion to dismiss is granted without prejudice. The plaintiff delayed filing his motion to dismiss until well after the discovery period ended and the defendants filed motions for summary judgment. Additionally, the plaintiff has failed to give a sufficient reason for his need for the dismissal. Therefore, the court finds that plaintiff's motion to dismiss without prejudice should be denied.

The Magistrate Judge opines that the defendants are entitled to summary judgment on all claims, and this court agrees based upon the correct reasoning set forth in the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the defendants' motions for summary judgment are granted and the plaintiff's motion to dismiss is denied.

IT IS SO ORDERED.

August 10, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge